**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000033
31-OCT-2023
10:02 AM
Dkt. 78 SO**

NO. CAAP-19-0000033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JODY BUDDEMEYER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC16100331K)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

This case arises from a March 1, 2015 incident involving on-duty police officer, Defendant-Appellant Jody Buddemeyer (**Buddemeyer**), striking and killing a bicyclist with his police vehicle.  On October 11, 2016, a Hawaiʻi County grand jury indicted Buddemeyer on three charges: (1) Count One, Negligent Homicide in the First Degree;[1] (2) Count Two, Tampering with Physical Evidence;[2] and (3) Count Three, False Reporting to Law Enforcement Authorities.[3]  On January 4, 2017, the Circuit Court of the Third Circuit (**Circuit Court**)[4] entered an order

---

[1]  Hawaiʻi Revised Statutes (**HRS**) § 707-702.5(1)(2014).

[2]  HRS § 710-1076(1)(2014).

[3]  HRS § 710-1015(1)(2014).

[4]  The Honorable Melvin H. Fujino presided.

granting Buddemeyer's oral motion to suspend proceedings pending completion of a three-panel examination of Buddemeyer's fitness to proceed to trial, and Buddemeyer's cognitive or volitional capacity at the time of the alleged conduct.  See Hawaiʻi Revised Statutes (**HRS**) §§ 704-404 (2014), -407.5 (2016).  The Circuit Court's order, in part, tasked the panel experts with reporting their opinion (1) "as to the extent, if any, to which the cognitive and/or volitional capacity of Defendant, i.e., the capacity to appreciate the wrongfulness of Defendant's conduct and/or to conform Defendant's conduct to the requirements of the law, was impaired at the time of the conduct alleged" and (2) "as to the capacity of Defendant to have a particular state of mind which is required to establish an element of the offense charged."  On February 23, 2017, the Circuit Court entered an order resuming the proceedings, after reviewing the panel experts' reports and finding that Buddemeyer was fit to proceed to trial.

A jury trial was held beginning October 2, 2018, and verdicts were entered on October 12, 2018.  The three court-ordered panel experts testified at trial.  The first expert, psychiatrist Dr. Andrew Bisset, testified that no conclusions could be drawn about Buddemeyer's volitional capacity because Buddemeyer had no psychiatric history prior to the alleged negligent homicide.  The second expert, forensic psychologist Dr. Frederic Manke, testified that at the time Buddemeyer struck the bicyclist, he had no undiagnosed previous mental illness and that Buddemeyer's volitional capacity was not impaired by the effects of mental disease, disorder or defect; but Dr. Manke also testified that he lacked the necessary qualifications in the field of psychiatry to render any opinion whether Buddemeyer suffered from a neurocognitive disorder, such as acute fatigue work-shift disorder.  The third expert, psychiatrist Dr. Henry H. Yang (**Dr. Yang**), opined that Buddemeyer's "capacity to appreciate the wrongfulness of his conduct was significantly impaired by a

neurocognitive disorder, or the medical condition of [a] sleep disorder" at the time of the alleged negligent homicide.[5]  The jury found Buddemeyer (1) guilty as to Count One of the lesser-included offense of Negligent Homicide in the Third Degree (**NH3**); (2) not guilty as to Count Two; and (3) not guilty as to Count Three.

Buddemeyer appeals from the Judgment, entered on December 12, 2018, convicting him of the lesser-included offense of NH3 in violation of HRS § 707-704 (2014).[6]  On appeal, Buddemeyer contends the Circuit Court erred in denying his post-verdict Motion for Acquittal.[7]  Specifically, Buddemeyer argues the Circuit Court erred because the State presented no evidence

---

[5]  In addition to Dr. Yang's expert report, Dr. Yang attached a study regarding sleep disorders in police officers, which the jury had access to for its deliberations.

[6]  The offense of NH3 is set forth in HRS § 707-704 as follows:

> **§707-704 Negligent homicide in the third degree**.  (1) A person is guilty of the offense of negligent homicide in the third degree if that person causes the death of another person by the operation of a vehicle in a manner which is simple negligence.
> (2) "Simple negligence" as used in this section:
> (a)   A person acts with simple negligence with respect to the person's conduct when the person should be aware of a risk that the person engages in that conduct.
> (b)   A person acts with simple negligence with respect to attendant circumstances when the person should be aware of a risk that those circumstances exist.
> (c)   A person acts with simple negligence with respect to a result of the person's conduct when the person should be aware of a risk that the person's conduct will cause that result.
> (d)   A risk is within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of the person's conduct and the circumstances known to the person, involves a deviation from the standard of care that a law-abiding person would observe in the same situation.
> (3)   Negligent homicide in the third degree is a misdemeanor.

[7]  On October 12, 2018, the jury entered a guilty verdict against Buddemeyer as to the NH3 charge.  On October 22, 2023, Buddemeyer filed a post-verdict Motion for Judgment of Acquittal.

to contradict expert testimony allegedly supportive of Buddemeyer's affirmative defense of lack of penal responsibility for reason of mental disease, disorder, or defect.[8]  See HRS § 701-115 (2014);[9] HRS § 704-402 (2014).[10]  Therefore, Buddemeyer contends, "the jury could not have concluded that [Buddemeyer] maintained sufficient mental capacity as a matter of law" to be

---

[8]  At trial, Buddemeyer asserted as an affirmative defense that his "capacity to appreciate the wrongfulness of his conduct was significantly impaired by a neurocognitive disorder or the medical condition of sleep disorder."

[9]  HRS § 701-115 provides, in relevant part:

> **§701-115 Defenses.**  (1) A defense is a fact or set of facts which negatives penal responsibility.
> (2)  No defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented.  If such evidence is presented then:
>
> . . .
>
> (b)  If the defense is an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in light of any contrary prosecution evidence, proves by a preponderance of the evidence the specified fact or facts which negative penal liability.
> (3)  A defense is an affirmative defense if:
> (a)  It is specifically so designated by the Code or another statute[.]

[10]  HRS § 704-402 provides:

> **HRS § 704-402.  Physical or mental disease, disorder, or defect excluding responsibility is an affirmative defense; form of verdict when finding of irresponsibility is made.**  (1)  Physical or mental disease, disorder, or defect excluding responsibility is an affirmative defense.
> (2)  When the defense provided for by subsection (1) is submitted to a jury, the court shall, if requested by the defendant, instruct the jury as to the consequences to the defendant of an acquittal on the ground of physical or mental disease, disorder, or defect excluding responsibility.
> (3)  When the defendant is acquitted on the ground of physical or mental disease, or defect excluding responsibility, the verdict and the judgment shall so state.

convicted of NH3 pursuant to HRS § 707-704.[11]

For the reasons discussed below, we affirm.

## I.  Discussion

The Circuit Court did not err in denying Buddemeyer's Motion for Judgment of Acquittal.  When reviewing the grant or denial of a post-verdict motion for a judgment of acquittal,

> we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt.  Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged.  Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Timoteo, 87 Hawaiʻi 108, 112-13, 952 P.2d 865, 869-70 (1997) (quoting State v. Jhun, 83 Hawaiʻi 472, 481, 927 P.2d 1355, 1364 (1996)).

Furthermore, we note that when a defendant claims lack of penal responsibility as an affirmative defense, they bear "the burden of going forward with the evidence to prove facts constituting the defense and of proving such facts by a preponderance of the evidence."  State v. Uyesugi, 100 Hawaiʻi 442, 456, 60 P.3d 843, 857 (2002) (quoting State v. Fukusaku, 85 Hawaiʻi 462, 481, 946 P.2d 32, 51 (1997)).  When a jury finds a defendant guilty, it is an indication that the defendant did not meet their burden of proving their affirmative defense.  See id. at 459, 60 P.3d at 860 (explaining that the jury must first

---

[11]  Conviction for NH3 under HRS § 707-704 requires, *inter alia*, simple negligence for which the statute provides a mental state that "the person should be aware of a risk" regarding the person's conduct, the attendant circumstances, and that the person's conduct will cause the specified result. See HRS § 707-704(2)(a)-(c).  Further, HRS § 707-704(2)(d) sets forth the meaning of "risk" for purposes of that subsection.

unanimously determine whether the prosecution met its burden of proof before proceeding to unanimously determine whether the defendant met their burden in proving the affirmative defense).[12]

First, we address Buddemeyer's contention that the State was required to produce contrary evidence to undermine the court-ordered expert opinion of psychiatrist Dr. Yang, as to Buddemeyer's incapacity to appreciate the wrongfulness of his conduct due to an alleged sleep disorder.  We note that Buddemeyer fails to cite to any authority in his opening brief or elsewhere to support this contention.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).[13]  To the extent Buddemeyer's argument is based on the plain language of HRS § 701-115(2)(b) regarding affirmative defenses, the argument lacks merit.  The plain language of HRS § 701-115(2)(b) provides: "[i]f the defense is an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in the light of any contrary prosecution evidence, proves by a preponderance of the evidence

---

[12]  In explaining the order in which a jury must consider a defendant's affirmative defense during its deliberations, the Hawaiʻi Supreme Court has instructed that:

> The jury must unanimously determine whether the prosecution met its burden of proof.  Only then should the jury proceed to a determination of <u>whether the defendant met his or her burden in proving the affirmative defense.  Whether the defendant met his or her burden must be determined by a unanimous decision of the jury</u>.  If the jury has successfully proceeded this far in its deliberations, it may then consider the proper verdict.  If the jury fails to reach unanimity as to the affirmative defense, the circuit court must declare a mistrial due to a hung jury.

Uyesugi, 100 Hawaiʻi at 459, 60 P.3d at 860 (emphasis added).

[13]  HRAP 28(b)(7) provides that an appellant's opening brief must include: "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, <u>with citations to the authorities, statutes and parts of the record relied on</u>." (Emphasis added).  Further, under HRAP 28(b)(7), "[p]oints not argued may be deemed waived."

the specified fact or facts which negative penal liability." The plain language of HRS § 701-115(2)(b) does not require that the prosecution provide rebuttal evidence, it merely acknowledges the trier of fact is to consider such evidence, if any, in its deliberations. Thus, under the plain language of the statute the prosecution was not required to produce rebuttal or contrary evidence as to Buddemeyer's affirmative defense that he lacked volitional capacity to be convicted of negligent homicide.

Furthermore, to the extent Buddemeyer's argument is premised on the weight the jury gave to the parties' conflicting evidence and/or the credibility of the expert witnesses, we note that ordinarily, the weight a jury gives to evidence is not subject to review. "[T]his court will not attempt to reconcile conflicting evidence, or interfere with a jury decision based on the credibility of witnesses or the weight of the evidence. The jury's finding of the requisite elements of the crime charged is clearly reflected in its verdict." State v. Gabrillo, 10 Haw. App. 448, 457, 877 P.2d 891, 895 (App. 1994) (internal quotation marks, citations, brackets, and ellipses omitted). "Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings." State v. Sua, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999) (brackets omitted) (quoting Aga v. Hundahl, 78 Hawai'i 230, 237, 891 P.2d 1022, 1029 (1995)). Here, given the conflicting testimony of the experts and because the jury unanimously found Buddemeyer guilty of NH3, this indicates that the jury found he did not meet his burden of proving his affirmative defense. See Uyesugi, 100 Hawai'i at 459, 60 P.3d at 860; State v. Young, 93 Hawai'i 224, 231-32, 999 P.2d 230, 237-38 (2000); State v. Lanoza, No. CAAP-14-0001393, 2017 WL 2800025, at *3-4 (Haw. App. June 28, 2017) (mem. op).

7

Indeed, the jury was asked the following "Special Interrogatory as to Count 1 the Included offense of Negligent Homicide in the Third Degree":

> If you find the defendant Guilty as to the offense of Negligent Homicide in the Third Degree, then you must answer the following.  Your answer to each question must be unanimous.  Did the defendant prove the following by a preponderance of the evidence:
>
> 1.  At the time of the charged offense, the defendant was suffering from a physical or mental disease, disorder, or defect; and
>
> 2.  As a result of such physical or mental disease, disorder, or defect, defendant lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law?

The jury answered this interrogatory in the negative.

Finally, because Buddemeyer's sole contention on appeal is regarding the State's failure to provide rebuttal evidence to Buddemeyer's affirmative defense, we need not address the sufficiency of the evidence beyond our discussion above.

## II.  Conclusion

Based on the foregoing, we affirm the Circuit Court's "Judgment of Conviction and Probation Sentence; Notice of Entry of Judgment" entered December 10, 2018, and the Circuit Court's denial of Appellant's Motion for Judgment of Acquittal entered November 30, 2018.

DATED:  Honolulu, Hawaiʻi, October 31, 2023.

| | |
|---|---|
| Brian J. De Lima, | /s/ Lisa M. Ginoza |
| Jeremy J.K. Butterfield, | Chief Judge |
| for Defendant-Appellant | |
| | /s/ Katherine G. Leonard |
| Stephen L. Frye, | Associate Judge |
| Deputy Prosecuting Attorney, | |
| for Plaintiff-Appellee | /s/ Karen T. Nakasone |
| | Associate Judge |